# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ANASTASIA M. CANTONIS,                                      Civil No. 09-3509 (JRT/JJK)

                                        Plaintiff,

v.                                                                **ORDER**

STRYKER CORPORATION and
STRYKER SALES CORPORATION,

                                        Defendants.

Yvonne M. Flaherty, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Irwin B. Levin, Gregory L. Laker, Jeffrey S. Gibson and David B. Allen, **COHEN & MALAD, LLP**, One Indiana Square, Suite 1400, Indianapolis, IN 46204; and Robert K. Jenner, Brian D. Ketterer, and Elisha N. Hawk, **JANET, JENNER & SUGGS, LLC**, 1829 Reisterstown Road, Suite 320, Baltimore, MD 21208, for plaintiff.

Timothy P. Griffin and Brian W. Thompson, **LEONARD, STREET AND DEINARD, P.A.**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402; and Vaughn Crawford, **SNELL & WILMER L.L.P.,** One Arizona Center, 400 East Van Buren, Phoenix, AZ, 85004, for defendants.

Plaintiff Anastasia Cantonis brought claims for negligence, fraud, strict products and torts liability, and breach of implied warranty, against Stryker Corporation and Stryker Sales Corporation (collectively "Stryker") on December 8, 2009.  Cantonis filed an amended complaint on July 27, 2010, and Stryker brought a motion to dismiss the amended complaint on August 26, 2010.  The motion was referred to United States Magistrate Judge Jeffrey J. Keyes, who issued a Report and Recommendation on November 23, 2010, recommending that the motion be denied.  Stryker filed timely

objections on December 7, 2010, urging the Court reject a finding that Minnesota courts adhere to the discovery rule in products liability actions, that the statute of limitations was not tolled, and that neither Minnesota nor Georgia law apply to the claims. After a *de novo* review of those portions of the Report and Recommendation to which Stryker objects, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. L. R. 72.2(b), the Court finds Cantonis' original complaint pleads fraudulent concealment with particularity, tolling the statute of limitations. Further, because discovery has not commenced and the relevant details are not yet part of the record before the Court, the Court declines to determine whether the laws of any state other than Minnesota apply to this action. Thus, Stryker's objections are overruled.

## BACKGROUND

Cantonis is a resident of Georgia. Stryker is composed of Michigan corporations with their principal places of business in Kalamazoo, Michigan. Defendants tested, manufactured, labeled, marketed, distributed, promoted, and sold pain pumps in Minnesota during all times relevant to Cantonis' complaint.

Cantonis had two arthroscopic shoulder surgeries while she was a student in Texas: the first on May 17, 2004, and the second on July 18, 2005. Following the surgeries, a pain pump manufactured by Stryker was implanted in Cantonis' shoulder to deliver anesthetic to the "joint space" in the shoulder. Cantonis ultimately experienced a complete degradation of the cartilage in her surgically repaired shoulder joint, a condition known as chondrolysis. Cantonis alleges that her chondrolysis was caused by Stryker's pain pump, and in particular the injection of pain medication directly into the shoulder

cartilage.  She also alleges that Stryker knew or should have known that the pump could cause chondrolysis, and that Stryker nonetheless encouraged physicians to use the pump in ways that were likely to cause chondrolysis.

## ANALYSIS

The substance of Stryker's objections to the Report and Recommendation, as well as the substance of the underlying motion to dismiss, have been dealt with by this District Court at least seven times in the past year.[1]  In nearly every case, predicated on nearly identical facts, courts in this district have denied Stryker's motions to dismiss, or have granted motions to dismiss with leave to amend, though in some cases courts have transferred the actions to other districts.

Defendants raise three objections to the Report and Recommendation: (1) the Court should not accept that Minnesota courts adhere to the discovery rule (as opposed to the damages rule) in products liability actions; (2) the Court should reject a determination that the complaint adequately alleges fraudulent concealment tolling the statute of limitations; and (3) neither Minnesota nor Georgia law may apply.

---

[1] *See Ridings v. Stryker Sales Corp.*, No. 10-2590, 2010 WL 4963064 (D. Minn. Dec. 1, 2010) (denying motion to dismiss); *McIntosh v. Stryker Corp.*, No. 10-3419, 2010 WL 4967820 (D. Minn. Dec. 1, 2010) (denying motion to dismiss); *Partridge v. Stryker Corp.*, No 10-1003, 2010 WL 4967845 (D. Minn. Dec. 1, 2010) (denying motion to dismiss); *Strong v. Stryker Corp.*, No. 10-2315, 2010 WL 4967876 (D. Minn. Dec. 1, 2010) (denying motion to dismiss); *Mack v. Stryker Corp.*, No. 10-2993, 2010 WL 4386898 (D. Minn. Oct. 28, 2010) (denying motion to dismiss); *Newman v. Stryker Sales Corp.*, No. 09-2866, 2010 WL 3926200 (D. Minn. Sept. 30, 2010) (granting motion to dismiss without prejudice and with leave to amend); *Forslund v. Stryker Corp.*, No. 09-2134, 2010 WL 3905854 (D. Minn. Sept. 30, 2010) (granting motion to dismiss with prejudice as to implied warranty of merchantability, and granting motion to dismiss without prejudice and with leave to amend as to the remaining claims).

Regarding the first objection, the parties disagree on whether, for claims associated with defective products, Minnesota employs the damage rule of accrual or the discovery rule of accrual. *Compare Antone v. Mirviss*, 720 N.W.2d 331, 335-36 (Minn. 2006) (holding, in a legal malpractice case, that Minnesota has taken the middle ground by adopting the damage rule of accrual, under which the cause of action accrues and the statute of limitations begins to run when "some" damage has occurred as a result of the alleged malpractice), *with Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th Cir. 1987) ("Under Minnesota law, two elements must be satisfied under the discovery rule before a cause of action accrues in cases involving injuries caused by a defective product: (1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission."). Minnesota's statute of limitations for strict liability claims is four years. Minn. Stat. § 541.05, subd. 2.

Regardless of which accrual rule applies, the Court rejects Stryker's argument that any claims are time-barred. Even if Minnesota does not recognize the discovery rule in products liability actions, Cantonis' causes of action survives because she has adequately pled that Stryker fraudulently concealed the existence of her causes of action until at least July 2007, when the first study to associate the use of infusion pain pumps with chondrolysis was published. "[F]raudulent concealment occurs when a party against whom a cause of action exists prevents another from obtaining knowledge thereof . . . ." *Goellner v. Butler*, 836 F.2d 426, 431 (8th Cir. 1988) (internal quotation marks omitted). However, "mere silence or failure to disclose [is not] sufficient in itself to constitute

fraudulent concealment." *Id.* Fraudulent concealment tolls the statute of limitations "until discovery or reasonable opportunity for discovery of the fact by the exercise of ordinary diligence." *Wild v. Rarig*, 234 N.W.2d 775, 795 (Minn. 1975). Such tolling also applies to non-fraud causes of action, such as the strict liability claims asserted here. *See Abbotts v. Campbell*, 551 F.3d 802, 805 (8th Cir. 2008) ("[F]raudulent concealment of information material to a non-fraud claim will toll a limitations period."); *see also Mack*, 2010 WL 4386898, at *2.

Secondly, Stryker objects that Cantonis' claims cannot be tolled because she has only alleged omissions, misrepresentations to third parties, and has not alleged affirmative misrepresentations to Cantonis or her physician concealing the existence of a cause of action. *See Goellner*, 836 F.2d at 431. Stryker argues that such allegations do not meet the Rule 12(b)(6) pleading standard. The Court declines to adopt this view. While *Goellner* does stand for the proposition that **mere** silence or failure to disclose will not toll the statute of limitations, *Goellner* is silent on whether silence, failure to disclose, and other alleged bad acts **combined** could be material to a non-fraud claim.

Cantonis alleges that Stryker's agents and sales representatives made representations about the safety of the pumps that they knew were false, and did so with the intent to deceive and mislead. (Am. Compl. ¶ 71, Docket No. 23.) Further, Cantonis alleges that: as early as 2001 Stryker knew that the pump was of questionable safety for use in the joint space, yet fraudulently concealed information about the allegedly dangerous nature of the pumps by withholding information regarding the Food and Drug Administration's ("FDA") denial of the orthopedic or intra-articular indications from its

sales representatives and others; provided false and misleading information to the FDA about chondrolysis; was notified as early as August 2005 that thirteen patients with post-shoulder surgery chondrolysis had used Stryker pain pumps; failed to provide information to its sales representatives from a document circulated by Stryker personnel at two medical conventions discussing the association between chondrolysis and pain pumps; and, in December 2006, held a training for new sales representatives but did not inform them that the pain pumps were not cleared for use in the joint space. (*Id.* ¶¶ 42-52.)   Taken together, these allegations more than make out a claim for relief for fraudulent concealment that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Thus, given the adequacy of the pleadings, the statute of limitations was tolled, and a determination of the point at which tolling began is more appropriately addressed by the Court after discovery has been conducted in this case.

Finally, the Report and Recommendation declined to engage in a choice of law analysis, to which Stryker objects.   Other courts in this district, addressing nearly identical complaints and motions to dismiss by Stryker, have declined to engage in a choice of law analysis absent discovery. *See Ridings*, 2010 WL 4963064 at *2 ("[A]t this point, before discovery has occurred, the Court does not have sufficient information to determine which state's law applies. The Court declines Stryker's invitation to make a premature decision regarding the correct choice of law."); *McIntosh*, 2010 WL 4967820, at *2; *Partridge*, 2010 WL 4967845, at *2; *Strong*, 2010 WL 4967876, at *2.   This Court adopts this analysis.   It is not clear on the face of the pleadings whether Minnesota or Texas law is the proper law to apply.   Without a motion to transfer or some other

appropriate motion in front of the Court, it would be inappropriate to engage in an analysis of what state's laws are to be used throughout the remainder of the litigation.

Stryker noted that this Court found it would be "arbitrary and fundamentally unfair" to apply Minnesota's law in a similar pain pump case. *Newman*, 2010 WL 3926200, at *9. *Newman* is distinguishable for several reasons. First, the conflict of law addressed in *Newman* was substantive, in that the Ohio Product Liability Act ("OPLA") abrogated plaintiff's claims for relief in Ohio. *Id.* However, the Court specifically stated that "[it] does not decide whether the conflict between Minnesota's statute of limitations and the OPLA's limitations period provides an additional basis for the application of Ohio law to Newman's product liability claims. The Minnesota Supreme Court has 'considered statutes of limitations to be procedural without exception.'" *Id.* at *9 n.6 (quoting *Fleeger v. Wyeth*, 771 N.W.2d 524, 528 (Minn. 2009)). Neither party has suggested that Texas law abrogates any cause of action here.

Even if the Court were to apply a choice of law analysis, there are insufficient facts to determine whether an actual conflict exists between Minnesota and Texas law such that choosing one or the other would be outcome determinative. *Jepson v. Gen. Cas. Co. of Wis.*, 513 N.W.2d 467, 469 (Minn. 1994) (in applying Minnesota's choice of law rules, the first inquiry is "whether the choice of one state's law over another's creates an actual conflict."). "A conflict exists if the choice of one forum's law over the other will determine the outcome of the case." *Burks v. Abbott Labs.*, 639 F. Supp. 2d 1006, 1011 (D. Minn. 2009) (quoting *Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co.*, 604 N.W.2d 91, 94 (Minn. 2000)). The facts in the amended complaint do not make clear

exactly when Cantonis learned of the source of her injury, though it appears that it could have been as late as 2007. Texas uses the "discovery" rule of accrual, and applies a two-year statute of limitations. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) ("[T]he [discovery] rule operates to toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury."). Until further discovery is conducted it would be premature to determine that a conflict of law even exists because Cantonis could potentially meet the relevant statute of limitations in either state. Further, though Stryker argues that Texas law defines a permissible product liability action more narrowly than Minnesota, Stryker does not explicitly compare the Texas law with any law in Minnesota. Again, before an answer is filed or discovery taken, the Court determines that a choice of law analysis is premature.

## ORDER

Based upon all the files, records and proceedings herein the Court **OVERRULES** Defendants' objections [Docket No. 56] and **ADOPTS** the Report and Recommendation of the Magistrate Judge[Docket No. 52]. **IT IS HEREBY ORDERED** that Stryker Corporation and Stryker Sales Corporation's Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 30] is **DENIED**.


DATED:  March 21, 2011
at Minneapolis, Minnesota.

s/ *John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge